[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT-APPELLANT'S MOTION FOR ARTICULATION
The defendant-appellant's motion for articulation is denied.
A.) In addition to the grounds cited in the plaintiff's objection to appellant's motion, the court is of the opinion that an articulation is unnecessary and superfluous in the aftermath of jury trial in which the court has declined to set aside the verdict.
As to issues of sufficiency of evidence, it would not matter whether the court understated or overstated the quantum of evidence upon which the jury might have based its determination. Each party would still be free and/or obligated to enlarge or decrease the points made in the evidence. Each would have the benefit a transcript. This court has never had to order a transcript simply to marshal the evidence that may have underlay a jury verdict. The task of the litigants on appeal of a jury verdict is to persuade the tribunal of the sufficiency, or lack, in the evidence. To ask the trial court to construct its own recitation is to CT Page 1916 seek a redundancy. The court is not a trier of fact. See, Par Painting,Inc. v. Greenhorne O'Mara, Inc., 61 Conn. App. 317, 323 (2001).
B.) As to issues such as whether § 14-295 double damages can be vicariously applied to a tortfeasor's employer, the court explained its rationale on the record.[1]
To consider the various scenarios possible is to see that appellant's purported need for another explanation is not well taken. Whether the court improved, understated or less persuasively set out its rationale, the litigants would be free (as they are without further articulation) to attack, praise or perfect the logic beneath a decision.[2]
Defendant-appellant's motion for articulation is denied.
 ___________________ Nadeau, J.